IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CARL DOWELL                                                                               PLAINTIFF

v.                                                                                 No. 3:05CV85-B-B

UNITED STATES MARSHALL SCOTT PETERS, ET AL.                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* complaint of federal prisoner Carl Dowell, seeking relief under 42 U.S.C. § 1983 against state actors – and under *Bivens* against a federal actor. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). The plaintiff alleges that he was detained in the Lafayette County Detention Center ("LCDC") in Oxford, Mississippi while he was in federal custody awaiting a parole violation hearing. The plaintiff alleges further that on April 15, 2005, inmates at the LCDC attacked him, and he suffered physical injury from that attack. For the reasons set forth below, the instant case shall be dismissed without prejudice.

*Bivens* **Claims -** *Respondeat Superior*

The plaintiff listed Scott Peters ("Peters") as a defendant because he is with the United States Marshal's Service, which "oversee[s] . . . the housing of all federal inmates" at the LCDC. As the plaintiff has not alleged that Mr. Peters had any personal involvement in the incident, the plaintiff's claims against Peters must be dismissed with prejudice. *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107 (5th Cir. 1993) (federal actors cannot be brought into *Bivens* action under a *respondeat superior* theory).

**Section 1983 Claims – Plaintiff Located Out of State**

The plaintiff is currently incarcerated in Forrest City Federal Correctional Institution in Forrest City, Arkansas.  The incident he complains of allegedly occurred in the Lafayette County Detention Center in Oxford, Mississippi.  The remaining defendants, Sheriff Buddy East and Superintendent Gerald Clemons, are in Lafayette County, Mississippi.

Since plaintiff is incarcerated outside the state of Mississippi, the case cannot proceed in an orderly and timely manner.  Therefore, it shall be dismissed without prejudice until plaintiff is free to return to prosecute his complaint within the jurisdiction of this court.  The statute of limitations shall be suspended until such time as plaintiff is released from confinement outside Mississippi.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd  day of October, 2005.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE